UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IVAN RAY BEGAY, | ) | CASE NO.  4:16 CV 2473 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| WARDEN MERLAK, | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Ivan Ray Begay filed this Petition for a Writ of Habeas Corpus under

28 U.S.C. § 2241.  He is currently incarcerated in FCI Elkton in Ohio having been convicted in

2001 in the United States District Court for the District of Arizona on eight counts of Sexual

Assault.  In his Petition, he alleges he was transferred from FCI Seagaville in Texas to FCI Fort

Dix in New Jersey in retaliation for statements he made to officers investigating sexual

misconduct charges against a FCI Seagaville staff member.  He asks this Court to commute his

sentence to time served and release him from prison.  For the reasons stated below, the Petition

is denied and this action is dismissed.

## I.  BACKGROUND

Petitioner indicates he was incarcerated in FCI Seagaville Low in Texas.  After eighteen

months of clear conduct he asked for a transfer to FCI Englewood Low in Colorado, which is

closer to his home.  While his transfer request was pending, he involuntarily became involved in

an investigation into staff misconduct.  He contends he was approached by investigators from

the Office of the Inspector General and questioned about the actions of FCI Seagaville employee

Veronica Dunn.  Petitioner alleges he provided information to the investigators because he

believed they were Federal Bureau of Investigation ("FBI") agents, and he would face criminal

prosecution if he did not cooperate.  The information he gave to the investigators provided the

basis for disciplinary charges to be brought against the Petitioner.  He was taken to segregation,

and subsequently transferred from FCI Seagaville to FCI Fort Dix, in New Jersey.  Due to the

nature of the disciplinary charges, Petitioner's personal safety was in jeopardy at Fort Dix and he

requested protective custody placement.  He then was transferred to FCI-Elkton Low.  Petitioner

claims his transfer to Fort Dix was done in retaliation for the information he provided during the

investigation.

## II.  LAW AND ANALYSIS

**Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the

district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus

to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"

*Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).  Because Petitioner

is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his

pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*,

270 F.3d 292, 295 (6th Cir. 2001).  However, this Court may dismiss the Petition at any time, or

make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

**Discussion**

In general, habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).  However, § 2241 is not available to review questions unrelated to the cause of detention.  *Martin*, 391 F.3d at 714.  Prisoners challenging the conditions of their confinement must do so through a civil rights action.  *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973).  Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement."  Therefore, any claim that does not directly affect the fact or duration of the prisoner's confinement must be raised in a civil rights action, and cannot be brought in a Habeas Petition.

Here, Petitioner is not challenging the Bureau of Prisons' execution or calculation of his federal sentence.  Instead, he is challenging the decision by personnel at a Texas federal prison to transfer him to a New Jersey federal prison.   He asserts a claim of retaliation in violation of the First Amendment.  Because this claim does not directly concern the duration of his federal

-3-

sentence or his release from incarceration with the Bureau of Prisons, it is not the proper subject

of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

### III. CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is

denied, and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, under 28 U.S.C. §

1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.


s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  February 8, 2017